U.S. DISTRICT COURT
DISTRICT OF N.H.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

2011 JUN 30 A 10: 26

*********************************************

WAYNE J. JEWELL

    Plaintiff,

vs.

UNITED STATES

    Defendant.

*********************************************

CIVIL ACTION NO. 1:11-fp-324

## RENEWED COMPLAINT FOR MALPRACTICE AT A GOVERNMENT FACILITY

Plaintiff Wayne J. Jewell (hereinafter "Plaintiff") complains and alleges as follows:

### JURISDITION AND VENUE

1. This claim arises under the laws of the United States, namely the Federal Tort Claims Act (28 U.S.C. § 1346(b). Jurisdiction is proper under 28 U.S.C. Sec. 1331.

2. Venue is proper in this Judicial District under 28 U.S.C. Secs. 1391 (b) in that the Defendants, listed below, transacted business within this Judicial District and a substantial part of the events or omissions giving rise to the claim herein occurred with this Judicial District.

3. The Plaintiff has advised the Veteran's Administration, infra, of the sum certain he is seeking and his claim has been rejected.

### THE DEFENDANT

1. The Defendant is the United States pursuant to 28 U.S.C. 1346.

## THE ACTORS

1.   Department of Veterans Affairs of the United States of America, 275 Chestnut Street, Manchester NH 03101

2.   Dr. Johann Rothwangl, Department of Veterans Affairs of the United States of America, 275 Chestnut Street, Manchester NH 03101

3.   Dr. Joseph Rivet, Department of Veterans Affairs of the United States of America, 275 Chestnut Street, Manchester NH 03101

## COUNT I

Physician Malpractice at a Government Hospital

4.   **Plaintiff is an Honorably Discharged Veteran that has been maltreated at the Manchester VA Medical Center, 718 Smyth Road, where he was seriously injured by malpractice at the facility which has resulted in unnecessary and ongoing pain and suffering.**

5   **About October, 2009 Plaintiff went to the Manchester VA Medical Center for an appointment and, much to his surprise, was told to go to same day surgery for a colonoscopy, for which Plaintiff did not have any prior preparation.**

6.   **The work was done by Dr. Rothwangel in the initial presence of Plaintiff's original health care doctor, Dr. Rivet, after he was given a shot. When Plaintiff work up, Dr. Rothwangel said everything was fine, but as a result of that procedure Plaintiff developed painful hemorrhoids, rectal bleeding, and a urine infection.**

7.   **It is Plaintiff understanding that under the Federal Tort Claim Act, he had to first notify the Defendant Federal Agency, and give an opportunity to settle the matter before Plaintiff could purse his claim further in the Federal Court. Plaintiff has done so.**

   **28 C.F.R. 171 §2675 PROVIDES AS FOLLOWS:**

(a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

8.   **An original letter pursuant to 28 C.F.R. 171 was sent to Defendant Department of Veterans Affairs on or about December 21, 2009. A subsequent letter was sent later**

9   **Plaintiff's claim pursuant to both letters was rejected by Defendant Department of Veterans Affairs.**

10.   **Plaintiff hereby challenges the both rejection.**

Wherefore, Plaintiffs demands a jury assessment of the true facts of this case and an award of damages OF AT LEAST $1,000.000, in accordance with his second letter to the Veterans' Administration to compensate Plaintiff for his pain and suffering as a result of the malpractice claimed by Plaintiff, as well as an assessment of interest and costs against Defendants.

### Jury Demand

Plaintiffs hereby demand a jury trial on all issues that are determinable by jury.

Wayne J. Jewell, Plaintiff

_____/S/ Wayne J. Jewell_____
Wayne J. Jewell
33 Highland Avenue, Apt. 36
**Rochester, NH 03868**
603-332-8271