**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Wayne J. Jewell

     v.                                    Civil No. 11-cv-324-SM

United States

**O R D E R**

Before the court is the complaint (doc. no. 1) filed by
plaintiff, Wayne J. Jewell.  Jewell has claimed that he suffered
injuries due to the malpractice of doctors at the Manchester
Veterans Affairs Medical Center ("MVAMC").  Because Jewell is
proceeding pro se and in forma pauperis, the complaint (doc. no.
1) is before the court for preliminary review to identify the
claims and to determine if Jewell has stated a claim upon which
relief may be granted.  See United States District Court for the
District of New Hampshire Local Rule ("LR") 4.3(d)(1) (citing 28
U.S.C. § 1915(e)(2) & Fed. R. Civ. P. 12(b)(1)).

**Background**

The complaint filed in this action tracks a complaint filed
in 2010 by Jewell, in a Federal Tort Claims Act ("FTCA") case
asserting the same claims.  See Jewell v. United States, No. 10-
cv-466-SM (doc. no. 6) (Am. Compl.).  This court dismissed that

case for lack of subject matter jurisdiction because of Jewell's failure to exhaust his administrative remedies.  The First Circuit affirmed that order.  See id., No. 10-cv-466-SM (D.N.H. Mar. 16, 2011) (doc. no. 9) (Order dismissing complaint without prejudice), aff'd, No. 11-1366 (1st Cir. Aug. 11, 2011).  The background facts set forth below are derived from the allegations in the complaint in this case (doc. no. 1), construed liberally and taken as true for the purposes of a preliminary review, supplemented, as appropriate, by facts derived from the record docketed in the case no. 10-cv-466-SM and docketed in the First Circuit in case no. 11-1366.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (pro se pleadings are construed liberally); Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011) (to determine if plaintiff has stated viable claim, court must credit as true all non-conclusory factual allegations and reasonable inferences drawn from those allegations, and then determine if claim is plausible).

I.   Factual Allegations

In October 2009, Jewell went to the MVAMC for an appointment and was told to undergo a colonoscopy that day. Jewell was surprised, as he had not prepared for the procedure.

2

Dr. Rothwangl and Dr. Rivet are health care providers who work at the MVAMC; the court infers from the facts alleged in the complaint that Drs. Rivet and Rothwangl were MVAMC employees.  Dr. Rothwangl is a physician whose responsibilities include performing colonoscopies at the MVAMC.  Dr. Rivet was Jewell's primary care provider.

The court also infers from the facts alleged that patients are usually prepped before they undergo a colonoscopy, and that patients who are not so prepped may be at an elevated risk of complications.  The court further infers that Dr. Rothwangl and Dr. Rivet knew or had reason to know that Jewell had not undertaken any preparation for a colonoscopy before arriving at the MVAMC.  Dr. Rothwangl, in the presence of Dr. Rivet, nevertheless performed a colonoscopy upon Jewell.  As a result of what Jewell claims was an improperly conducted colonoscopy, Jewell suffered rectal bleeding, painful hemorrhoids, and a urinary tract infection, and continues to have ongoing pain and suffering.

On December 21, 2009, Jewell sent a letter to the United States Department of Veterans Affairs ("VA") to notify the agency of his malpractice claim.  That letter is part of the

3

record filed in case no. 10-cv-466-SM.  <u>See</u> No. 10-cv-466-SM

(doc. no. 6-1) (Ex. 1 to Am. Compl.).

The VA treated the December 2009 letter as a request for

disability benefits, filed under 38 U.S.C. § 1151.[1]  The VA

denied the claim in a "rating decision" mailed to Jewell, dated

August 26, 2010.  The first page of that letter is an exhibit to

the complaint in case no. 10-cv-466-SM.  <u>See</u> No. 10-cv-466-SM

(doc. no. 1-1) (Ex. 1 to Compl.).

On February 14, 2011, Jewell sent a second letter to the VA

regarding his claim.  That letter is also part of the record in

case no. 10-cv-466-SM.  <u>See</u> No. 10-cv-466-SM (doc. no. 6-2) (Ex.

2 to Am. Compl.).  That letter's subject line states, "Further

Notice Pursuant to 28 C.F.R. 171 § 2675 [sic]."  The February

2011 letter refers to the December 2009 letter, recounts facts

relating to the colonoscopy and Jewell's injuries, and includes

a sum certain demand for money damages in the amount of one

million dollars.

---

[1]Section 1151 provides for VA disability benefits if a
claimant can show that his or her disabilities were "caused by
. . . medical or surgical treatment, or examination furnished
the veteran . . . in a [VA] facility . . . and the proximate
cause of the disability . . . was . . . carelessness,
negligence, . . . or similar instance of fault on the part of
the [VA] in furnishing the . . . treatment, or examination
. . . ."  38 U.S.C. § 1151.

In the complaint (doc. no. 1) filed here, Jewell has
asserted that the VA rejected the claim set forth in the
February 2011 letter.  The VA sent Jewell a letter, dated April
6, 2011, advising Jewell of the denial of his claim by that
agency.  The April 2011 letter is part of the record in <u>Jewell</u>
<u>v. United States</u>, No. 11-1366 (1st Cir.), the appeal of this
court's disposition of case no. 10-cv-466-SM.

II.  <u>Claims</u>

Jewell has asserted the following claims in this action[2]:

1.   The United States is liable to Jewell, pursuant to the
FTCA, for damages resulting from the malpractice of Dr.
Rothwangl, who as a physician employed by the VA acting
within the scope of his employment, with knowledge or
reason to know that Jewell had not undertaken any
preparation for a colonoscopy, performed that procedure on
Jewell improperly in October 2009, and in so doing, failed
to act in accordance with the standard of reasonable
professional practice applicable to his specialty at that
time; and the improper performance of the colonoscopy
caused Jewell to suffer injuries, including hemorrhoids,
rectal bleeding, a urinary tract infection, and ongoing
pain and suffering.

2.   The United States is liable to Jewell, pursuant to the
FTCA, for damages resulting from the malpractice of Dr.
Rivet, who as a primary care provider employed by the VA
acting within the scope of his employment, with knowledge

---

[2] The claims identified herein are construed to be the
claims raised in this action.  If Jewell disagrees with this
identification of his claims, he must properly file a motion to
reconsider this order, or he may seek to amend the complaint, in
accordance with Fed. R. Civ. P. 15 and LR 15.1.

or reason to know that Jewell had not undertaken any
preparation for a colonoscopy, was present in his
professional capacity when Dr. Rothwangl performed an
improper colonoscopy on Jewell in October 2009 and failed
to intervene, and in so doing, failed to act in accordance
with the standard of reasonable professional practice
applicable to his profession at that time; Dr. Rivet's acts
or omissions caused Jewell to suffer injuries including
hemorrhoids, rectal bleeding, a urinary tract infection,
and ongoing pain and suffering.

## Discussion

### I.  Administrative Claim Disposition

"The FTCA waives the sovereign immunity of the United
States with respect to tort claims, and provides the exclusive
remedy to compensate for a federal employee's tortious acts
committed within his or her scope of employment." Roman v.
Townsend, 224 F.3d 24, 27 (1st Cir. 2000).  Before a party may
bring a tort claim against the United States under the FTCA, the
party must file an administrative claim with the appropriate
agency.  See id.  The administrative claim requirement is
jurisdictional.  See Coska v. United States, 114 F.3d 319, 323
n.8 (1st Cir. 1997).

Jewell presented a claim to the VA in February 2011.  The
VA issued its final denial of Jewell's claim on April 6, 2011.
This case was filed on August 15, 2011, within the requisite
time period for filing an action under the FTCA.  Accordingly,

6

this court has jurisdiction over Jewell's FTCA claim against the
United States.

II.  <u>Plausibility of Claims</u>

     Under the FTCA, the law of the place where the injury
occurred provides the relevant standard for the substantive tort
claims.  <u>See</u> 28 U.S.C. § 1346(b); <u>Gonzalez Rucci v. INS</u>, 405
F.3d 45, 49 (1st Cir. 2005).  In New Hampshire, medical
malpractice actions are governed by N.H. Rev. Stat. Ann. ("RSA")
chapter 507-E.  <u>See</u> <u>Beckles v. Madden</u>, 160 N.H. 118, 124, 993
A.2d 209, 214 (2010).  A plaintiff in New Hampshire will
ultimately bear the burden of proving by affirmative evidence
and expert testimony, each of the following: (a) the "standard
of reasonable professional practice in the medical care
provider's profession or specialty . . . at the time the medical
care in question was rendered"; (b) "[t]hat the . . . provider
failed to act in accordance with such standard"; and (c) "[t]hat
as a proximate result thereof, the [plaintiff] suffered injuries
which would not otherwise have occurred."  RSA § 507-E:2.
Jewell has alleged sufficient non-conclusory facts as to Dr.
Rothwangl, which, when construed as true, along with the
reasonable inferences derived therefrom, state a plausible claim

of medical malpractice against that physician under New
Hampshire law.

Jewell's allegations as to Dr. Rivet's responsibility for
his injuries are sparse.  Dr. Rivet is specifically charged with
being "present" at the colonoscopy, presumably knowing of
Jewell's lack of preparation for that procedure.  It is
plausible, considering the facts alleged and reasonable
inferences therefrom, that Dr. Rivet was not merely present as a
bystander while Dr. Rothwangl performed the colonoscopy, but
that, given his capacity as Jewell's primary care provider, he
played a role during that procedure, and may have engaged in
tortious acts or omissions that caused Jewell's injuries.

The court has inferred that Drs. Rothwangl and Rivet were
VA employees, acting within the scope of their employment during
the colonoscopy.  Jewell has therefore stated a viable claim
under the FTCA against the United States for damages resulting
from their malpractice.  Accordingly, the court concludes that
the FTCA claim against the United States may proceed, based on
Dr. Rothwangl's and Dr. Rivet's allegedly tortious acts or
omissions.

III. <u>Service</u>

As plaintiff has stated viable claims against the United States under the FTCA, 28 U.S.C. §§ 1346(b) and 2674, the court directs service of process in this case, as specified herein:

Because plaintiff has not yet provided this court with a completed summons for the United States, plaintiff is directed to complete the form mailed to him on July 14, 2011, to name the United States as defendant, and to return the completed summons to the clerk's office for issuance.  Upon the clerk's issuance of the summons, the clerk's office is directed to forward to the United States Marshal for the District of New Hampshire (the "U.S. Marshal's office") the summons and copies of this Order and the complaint (doc. no. 1).  Upon receipt of the necessary documentation, the U.S. Marshal's Office shall serve the United States by delivering the documents to the United States Attorney for the District of New Hampshire and by mailing the documents by certified mail to the Office of the Attorney General of the United States and the United States Department of Veteran Affairs.  <u>See</u> Fed. R. Civ. P. 4(i)(1).

The United States shall file a response to the complaint no later than sixty days from the date of service on the United States Attorney.  <u>See</u> Fed. R. Civ. P. 12(a)(2).

Plaintiff is referred to Fed. R. Civ. P. 5, which requires that every pleading, written motion, notice, and similar paper, after the original complaint, shall be served by delivering or mailing the materials to defendant's attorneys.

**SO ORDERED.**

_____
Landya B. McCafferty
United States Magistrate Judge

Date: August 22, 2011

cc:  Wayne J. Jewell, pro se

LBM:nmd