**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**


Wayne J. Jewell

　　v.                                    Civil No. 11-cv-324-SM

United States of America


**O R D E R**


Currently before the court is defendant United States of America's motion to compel discovery (doc. no. 20).  For the reasons that follow, the motion is granted.


Background

Plaintiff, Wayne J. Jewell ("Jewell") brings this medical malpractice action against the United States Department of Veterans Affairs ("United States").  Jewell alleges that in "about October 2009," he underwent a colonoscopy at the United States Department of Veterans' Affairs Medical Center in Manchester ("VAMC") which caused him harm ("hereinafter referred to as the "subject colonoscopy").  The VAMC has no record that Jewell underwent a colonoscopy in 2009.  According to VAMC records, the last colonoscopy performed on Jewell occurred on November 20, 2008.

On January 10, 2012, the United States served interrogatories on Jewell, seeking to discover factual

information related to his claims.  <u>See</u> Doc. No. 20-3.  On

February 13, 2012, Jewell served his answers.  <u>See</u> Doc. No. 20-

4.  He raised no objections regarding any of the

interrogatories.  The United States argues that those answers

are incomplete, and moves to compel Jewell to provide complete

responses to interrogatories 2, 3, 5, 13, and 16.  The United

States also seeks an order compelling Jewell to sign his

interrogatory answers.  I first address the signature question

and then deal with the completeness of Jewell's answers.

Discussion

I.   <u>Lack of Signature</u>

Jewell has not placed his signature on his answers to

interrogatories.  He has used an electronic ("/s/") signature.

Rule 33(b)(5) of the Federal Rules of Civil Procedure requires

that the person making answers to interrogatories "must sign

them. . . . "  As this rule is strictly enforced, <u>see</u> <u>Stanley v.</u>

<u>Star Transp., Inc.</u>, No. 10-cv-00010, 2010 WL 3417855, at *3

(W.D. Va. Aug. 30, 2010), an electronic signature is not

sufficient.  Additionally, Rule 26(g)(1) requires an

unrepresented party to sign every discovery response.  The court

grants the United States' request that the court compel Jewell

to sign his February 13, 2012, interrogatory answers.

II.  <u>Interrogatories</u>

Rule 26(b)(1) allows discovery of any non-privileged matter that is relevant to any party's claim or defense.  <u>See</u> Fed. R. Civ. P. 26(b)(1).  Parties seeking broader discovery of matters "'relevant to the subject matter'" in the action are required to show good cause to support the request.  <u>In re Subpoena to Witzel</u>, 531 F.3d 113, 118 (1st Cir. 2008) (quoting Fed. R. Civ. P. 26(b)(1)).

The court must limit the scope or frequency of discovery if the information "can be obtained from some other source that is more convenient, less burdensome, or less expensive," or if the "burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."  Fed. R. Civ. P. 26(b)(2)(C)(i) and (iii).

Rule 37(a) allows for motions to compel discovery.  <u>See</u> Fed. R. Civ. P. 37(a).  The party moving to compel discovery over an adversary's objection bears the burden of showing that the information it seeks is relevant, <u>see Caouette v. OfficeMax, Inc.</u>, 352 F. Supp. 2d 134, 136 (D.N.H. 2005), and that an opposing party's answers are incomplete or evasive, <u>see Vaughn</u>

3

v. Bernice A. Roy Elem. Sch., No. 05-cv-223-JD, 2007 WL 1792506,
at *1 (D.N.H. June 19, 2007).  The party resisting the motion
bears the burden of establishing an applicable privilege and
showing that it has not been waived.  See Lluberes v. Uncommon
Prods., LLC, 663 F.3d 6, 24 (1st Cir. 2011); FDIC v. Ogden
Corp., 202 F.3d 454, 460 (1st Cir. 2000).

The United States requests an order directing Jewell to
provide complete responses to interrogatories 2, 3, 5, 13, and
16, which it served Jewell on January 10, 2012.  Each
interrogatory is separately discussed below.

### A.  Interrogatory No. 2

Interrogatory no. 2 asks:

> What was the date of the colonoscopy that you
> allege was not scheduled and occurred without proper
> preparation, and at what location did it occur within
> the Manchester VA Medical Center?

Doc. No. 20-4, at 2.

Jewell's response states:

> The date of the colonoscopy that I allege was not
> scheduled and occurred without proper preparation
> should be available from the VA Medical Records.  I
> understand that in responding to an interrogatory
> under Rule 33 I may refer you to those records.  The
> records that I have are the same as those of the VA.
> . . .  The unauthorized colonoscopy was performed at
> the

> Manchester VA Medical Center, and the specific
> location should be available from VA records.

Id. at 2-3.

Jewell points the United States to his VAMC medical records.  Those records do not, however, document a colonoscopy in October 2009.  In his objection to the motion to compel, (doc. no. 21), Jewell indicates that he is aware of certain chronological details in his medical history that might help in pinpointing the exact date of the subject colonoscopy.[1]  It is not clear, however, whether Jewell is aware of the location within VAMC where the subject colonoscopy occurred.  The United States indicates that if it knew the location within VAMC where the subject colonoscopy occurred, it might be able to locate records from that location.

Either way, Jewell needs to provide a complete answer to interrogatory no. 2.  That interrogatory is relevant both to Jewell's claim and the United States' defense.  Jewell shall include in his answer any details of which he is aware regarding the exact date of the subject colonoscopy.  If Jewell does not know the location within VAMC where the subject colonoscopy

---

[1] Rather than provide the United States with a supplement to his February 13, 2012, answers, Jewell includes in his objection to the motion to compel a "further response" to each interrogatory.  This is insufficient.  As explained infra, the court directs Jewell to provide the United States with a formal supplement to his February 13, 2012, answers.  See Fed. R. Civ. P. 26(e)(1)(B).

occurred, he shall so state in his answer.  The government's motion to compel a more complete response to interrogatory no. 2 is granted.

   B.  Interrogatory No. 3

   Interrogatory no. 3 asks:

      With whom did you have an appointment,
   immediately prior to the colonoscopy that you allege
   was not scheduled and occurred without proper
   preparation, including what time and what location?

Doc. No. 20-4, at 3.

   Jewell's response states:

    This information should be available from the VA
   records.

Id.

   Jewell's objection (doc. no. 21) indicates that he is aware of certain details surrounding the subject colonoscopy that he did not include in his February 13, 2012, answer to interrogatory no. 3.  This interrogatory is relevant to both Jewell's claim and the United States' statute of limitations defense.  Jewell must answer it completely.  The government's motion to compel a more complete response to interrogatory no. 3 is granted.

C.   Interrogatory No. 5

Interrogatory no. 5 asks:

> Identify, including name, address, and purpose for which they were seen, each and every non-VA medical care provider whom you have seen for any reason, including mental health, since January 1, 2007.

Doc. No. 20-4, at 3.

Jewell's response states:

> Did not see any non-VA medical care providers prior to the improper colonoscopy.

Id.

The United States asks this question to obtain evidence on the question of damages.  Jewell has alleged that he suffered damages from the subject colonoscopy in the form of "painful hemorrhoids, rectal bleeding, and a urine infection."  See Doc. No. 1.  Jewell seeks $1 million in damages.

Jewell maintains his original answer is complete.  Jewell is incorrect.  Jewell needs to answer the question completely, by including the names of care providers, if any, Jewell has seen since the colonoscopy.  This interrogatory is reasonably likely to lead to the discovery of evidence relevant to the question of damages in this case.  The government's motion to compel a more complete response to interrogatory no. 5 is granted.

D. Interrogatory No. 13

Interrogatory no. 13 asks:

> Please identify each and every colonoscopy you
> have had, setting forth the date, the facility, the
> medical practitioner ordering the procedure, the
> medical practitioner performing the procedure, the
> preparatory instructions you received and whether you
> followed those instructions, and any deviations you
> may have made from those instructions.

Doc. No. 20-4, at 4.

Jewell's response states:

> See answer to Interrogatory 3; there were two or
> three before the improper colonoscopy.

Id.

Jewell's answer is insufficient.  The United States has
asserted a comparative negligence defense based on Jewell's
alleged failure to follow medical instructions after undergoing
colonoscopies at the VAMC.  This interrogatory seeks to obtain
evidence related to Jewell's medical history, specifically his
compliance with instructions he received after undergoing
colonoscopies.  Jewell's answer neglects to address the specific
questions posed in the interrogatory and provides no information
with respect to any colonoscopy Jewell may have undergone since
the subject colonoscopy.  A complete answer to this
interrogatory is reasonably likely to lead to the discovery of
evidence relevant to the United States' defense of comparative

negligence.  The government's motion to compel a more complete response to interrogatory no. 13 is granted.

     E. Interrogatory No. 16

     Interrogatory no. 16 asks:

> If the colonoscopy that you allege was not scheduled and occurred without proper preparation occurred on a date for which your VA medical records do not reflect that a colonoscopy was performed on you, please set forth and describe any and all evidence you have that such a colonoscopy actually occurred.

Doc. No. 20-4, at 5.

     Jewell's response states:

> See answer to Interrogatory 3; after the improper colonoscopy.

Id.

     As written, interrogatory no. 16 is somewhat garbled.  The United States appears to be asking Jewell to provide "any and all evidence" that the subject colonoscopy "actually occurred" in light of the lack of any evidence of the subject colonoscopy in his VAMC records.  This interrogatory, even though poorly worded, is perfectly reasonable and Jewell must answer it.  The government's motion to compel a more complete response to interrogatory no. 16 is granted.

Conclusion

For the foregoing reasons, the United States' motion to compel (doc. no. 20) is granted.  Accordingly, the court orders Jewell, on or before July 3, 2012, to: (a) sign his February 13, 2012, answers to interrogatories and provide the signed version to the United States; and (b) provide the United States complete answers to interrogatories 2, 3, 5, 13, and 16 in a signed supplement to his February 13, 2012, answers.

SO ORDERED.

_____
Landya B. McCafferty
United States Magistrate Judge

June 19, 2012

cc:  Wayne J. Jewell, pro se
     Gretchen Leah Witt, Esq.