UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Wayne J. Jewell,
        Plaintiff

        v.                          Case No. 11-cv-324-SM
                                    Opinion No. 2013 DNH 024
United States of America,
        Defendant

**O R D E R**

This is a medical malpractice case brought against the
United States under the Federal Tort Claims Act, which operates
as a limited waiver of the government's sovereign immunity from
suit.  Under its provisions, the government may be held liable
for torts committed by its employees, acting within the scope of
their employment, to the same extent that a private person would
be liable under the law of the state in which the tort was
committed.  See 28 U.S.C. § 1346(b)(1).

Plaintiff says that in October of 2009, federal employees
(Veteran's Administration physicians and other medical care
providers) negligently performed a colonoscopy, for which he was
unprepared, that caused him to suffer physical injuries.  As the
alleged negligence occurred in the Veteran's Affairs Medical
Center in this state, New Hampshire's medical negligence law
applies.

Under New Hampshire law, a plaintiff in a medical negligence case bears the burden of proving, "by affirmative evidence which must include expert testimony of a competent witness," the following elements: 1) the standard of reasonable care in the medical specialty at issue; 2) that the medical care provider failed to meet that standard when providing medical care to the plaintiff; and 3) that the medical care provider's failure to meet that standard proximately caused injuries to the plaintiff that otherwise would not have occurred.  N.H. Rev. Stat. Ann. ("RSA") ch. 507-E:2 (emphasis supplied).  See also Beckles v. Madden, 160 N.H. 118, 124 (2010); Smith v. HCA Health Servs. of N.H., Inc., 159 N.H. 158, 161-62 (2009).

Plaintiff in this case is acting pro se, and while he insists that he should not have to disclose or produce expert testimony to establish medical negligence, he is mistaken.  The Magistrate Judge's Report and Recommendation (document no. 7) unambiguously informed plaintiff that, under the governing state law, he must introduce expert medical testimony to carry his burden of proof.  Id. at 7.  Plaintiff was unpersuaded.  The pretrial scheduling order made it clear that plaintiff was required to disclose the identity of, and reports by, his expert witnesses on or before July 1, 2012.  He failed to do so. Subsequently, in response to a motion to compel, plaintiff was

ordered to supplement his interrogatory answers to provide
defendant with specific information about the time and place of
the alleged negligent procedure.  See Document no. 24.  He failed
to comply.

In August of 2012, the government filed a motion for summary
judgment.  That motion (again) gave plaintiff unequivocal notice
of his statutory obligation to produce admissible expert medical
evidence to support his claims.  In fact, the principal ground on
which the government sought judgment was that plaintiff failed to
disclose any such expert by the deadline set in the pretrial
scheduling order.  But, rather than seek an opportunity to obtain
such evidence, or to make a late disclosure of his expert(s),
plaintiff ignored the motion for summary judgment and remained
silent.  The government then sought a continuance of trial until
after its motion was resolved, reminding plaintiff that his
response to the summary judgment motion was past due.  Plaintiff
ignored the reminder and, again, failed to file an objection or
any other response to the government's pending motion.

By January of this year, the government's motion had been
pending for five months, plaintiff had yet to object, and, on the
record presented, it was plain that the government was entitled
to judgment as a matter of law.  Nevertheless, recognizing

3

plaintiff's pro se status, the court afforded him additional
latitude.  So, rather than simply granting the government's
motion, the court issued an order giving plaintiff an opportunity
to show cause why summary judgment should not be entered in the
government's favor.  Plaintiff was again informed that under
applicable law he must present expert medical evidence to support
his claims, and he was invited to address the critical issues
raised in the government's pending motion.  See Order to Show
Cause (document no. 32).

Plaintiff's response to the show cause order is inadequate.
Despite numerous reminders from the magistrate judge, the
government, and the court that he must secure a medical expert in
order to prevail on his malpractice claim, he remains unpersuaded
of that obligation and it is clear that he has made no effort to
comply with it.  At this juncture, it is plain that any further
delay in ruling upon the government's pending motion would serve
no useful purpose.

### Discussion

Because Jewell failed to object to the government's motion
for summary judgment, the court will take as admitted the factual
statements recited in the government's motion, as supported by
the attached exhibits.  See Local Rule 7.2(b)(2) ("All properly

supported material facts set forth in the moving party's factual
statement shall be deemed admitted unless properly opposed by the
adverse party."). See also <u>McCrory v. Spigel</u>, 260 F.3d 27, 31
(1st Cir. 2001) ("Although we view the evidence in the light most
favorable to the nonmovant, as to any essential factual element
of its claim on which the nonmovant would bear the burden of
proof at trial, its failure to come forward with sufficient
evidence to generate a trialworthy issue warrants summary
judgment to the moving party.") (citations and internal quotation
marks omitted).


I.   <u>Expert Medical Testimony is Required</u>.

      The government makes a persuasive argument that the October,
2009, medical procedure that gives rise to plaintiff's claims
simply did not occur, and that plaintiff is likely confused about
the course and timing of his various treatments over the years at
the Veteran's Administration medical facility.  The government
has proffered admissible evidence showing that the plaintiff's
extensive medical records do not disclose any such colonoscopy
procedure, either at the time alleged or at any time reasonably
close to the time alleged (according to his medical records, the
last colonoscopy plaintiff received at the VA was in November of
2008).  And, again, plaintiff did not comply with the Magistrate
Judge's order to provide specific information about the time and

place of the alleged procedure.  Nor did he object to the
government's motion, so the court has taken the government's
properly supported factual assertions as true - including those
attesting to the fact that the October, 2009 procedure of which
plaintiff complains never occurred.[1]


     But, at this juncture, whether plaintiff actually had a
colonoscopy at the VA medical facility in October of 2009 is
immaterial.  Even assuming he did, he has not pointed to any
expert opinion evidence suggesting that the medical professionals
who performed the (alleged) procedure deviated from the
applicable standard of care.  That is fatal to his claim because,
as the Supreme Court has observed,

          the plain language of Rule 56(c) mandates the entry of
          summary judgment, after adequate time for discovery and
          upon motion, against a party who fails to make a
          showing sufficient to establish the existence of an
          element essential to that party's case, and on which
          that party will bear the burden of proof at trial.  In
          such a situation, there can be "no genuine issue as to
          any material fact," since a complete failure of proof
          concerning an essential element of the nonmoving
          party's case necessarily renders all other facts
          immaterial.  The moving party is "entitled to a
          judgment as a matter of law" because the nonmoving

---

     [1]     To be fair, while he still has not properly responded
to the government's motion, plaintiff did submit a declaration
(document no. 34), in which he insists that he did undergo a
colonoscopy at the VA Medical Center in October of 2009.

party has failed to make a sufficient showing on an
essential element of her case with respect to which she
has the burden of proof.

Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  Because
plaintiff's claims are ones for medical injury that require
expert testimony, and because he has not proffered admissible
evidence or testimony by an expert medical witness with respect
to the elements described in RSA 507-E:2, there is no genuine
dispute as to any material fact with respect to those essential
elements and defendant is entitled to judgment as a matter of
law.


II.   Plaintiff's Requested Relief.

        In his response to the court's show-cause order, plaintiff
did include a brief and conditional request for additional time
to procure expert medical evidence, but that request is
undeveloped and insufficient.  See Plaintiff's Response to the
Court's Order of January 13, 2013 (document no. 33) ("If the
court believes that an improper colonoscopy cannot be shown in
this case without prior expert testimony, Jewell requests
assistance in obtaining such a witness, or be given a further
opportunity to find such a witness.").


        Federal Rule of Civil Procedure 56(d) provides that if a
nonmovant shows, "by affidavit or declaration" that "for

specified reasons, it cannot present facts essential to justify its opposition" to summary judgment, the court may allow time to obtain the necessary evidence.  Plaintiff has given no reason, by affidavit or declaration or otherwise, why he has yet to present expert medical evidence as required (despite numerous reminders that such evidence is critical to his case).  Nor has he suggested a plausible reason to think that he might be able to obtain the requisite evidence in the reasonably near future.

Accordingly, the court declines to defer consideration of the government's motion any longer.  <u>See</u> Fed. R. Civ. P. 56(d).

### Conclusion

For the reasons given, as well as those provided in the memorandum supporting the government's motion for summary judgment and its reply to plaintiff's response to the court's show cause order, the government is entitled to judgment as a matter of law on the sole count of plaintiff's complaint.  Its motion for summary judgment (document no. 27) is, therefore, granted.

The Clerk of Court shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

February 22, 2013

cc:  Wayne J. Jewell, pro se
     T. David Plourde, AUSA